# United States District Court

FILED
MAR 19 2007
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

___MIDDLE___ DISTRICT OF ___ALABAMA___

UNITED STATES OF AMERICA

v.

JORGE ALBERTO DEL CID

CRIMINAL COMPLAINT

CASE NUMBER: 2:07mj32-WC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __March 18, 2007__, in __Montgomery__ County within the __Middle__ District of __Alabama__ defendant did,

**being an alien, knowingly re-enter the United States after having been deported, without obtaining the permission of the Secretary of Homeland Security or the Attorney General of the United States,**

in violation of Title __8__ United States Code, Section(s) __1326(a)__, I further state that I am an __Immigration & Customs Enforcement Special Agent__ and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

March 19, 2007                         at  Montgomery, Alabama
Date                                        City and State

WALLACE CAPEL, JR., U.S. MAGISTRATE JUDGE      _____
Name and Title of Judicial Officer              Signature of Judicial Officer

**AFFIDAVIT**

I, David E. Henderson, being duly first sworn, do hereby state and affirm that:

I am a duly sworn Special Agent of the U.S. Immigration and Customs Enforcement (ICE) assigned to the office of the Resident Agent in Charge, Mobile, Alabama. I have been employed as a federal agent for approximately six years. One of my principal assignments has been to conduct criminal investigations of persons involved in violation of the United States Code relating to Title 8 - Aliens and Nationality along with other violations of federal law.

On March 18, 2007, U.S. Air Force Master Sergeant (MSgt.) R. Autrey encountered an unsecured gate leading into the area of Maxwell Air Force Base, Riverside community, located in Montgomery, Alabama. MSgt. Autrey subsequently located a Hispanic male and Hispanic female within the Riverside community. MSgt. Autrey then requested the assistance of Tech Sergeant (TSgt.) A. DaSilva in speaking with the subjects. TSgt. DaSilva spoke with the subjects who provided El Salvador passports in their names. TSgt. DaSilva identified the Hispanic male as Jorge Alberto DEL CID and the Hispanic female as Maria Ines RUIZ-Ramirez. TSgt. DaSilva then transported DEL CID and RUIZ to the Maxwell Air Force Base Law Enforcement desk for further investigation. TSgt. DaSilva then conducted checks of DEL CID and RUIZ through the Department of Homeland Security Law Enforcement Support Center (LESC). The LESC advised TSgt. DaSilva that records checks revealed DEL CID had been previously deported from the United States and RUIZ had an active warrant of deportation. I was subsequently contacted concerning the encounter and advised TSgt. DaSilva and MSgt. Autrey to transport DEL CID and RUIZ to the Montgomery ICE office.

Upon arriving at the Montgomery ICE office, I interviewed DEL CID concerning his immigration status. Prior to interviewing DEL CID, I advised him of his constitutional rights, as per Miranda in the Spanish language. DEL CID acknowledged that he understood his rights and proceeded to make a voluntary statement. Upon questioning, he freely admitted to being a native and citizen of El Salvador, who last entered the United States illegally on or about February 2006 at or near Calexico, California. DEL CID

acknowledged that he had been previously removed from the United States. DEL CID further stated that he was aware that his actions related to reentering the United States were illegal. Additional Immigration checks reveal that he was last removed from the United States to El Salvador on January 13, 2006, via a flight from Harlingen, Texas. A review of the official file indicates that DEL CID failed to obtain permission from the Attorney General of the United States or the Secretary for the Department of Homeland Security to reenter the United States legally.

Jorge Alberto DEL CID is in violation of, but not limited to, Title 8 U.S.C. 1326(a), reentry of deported alien without the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security. The penalty, upon conviction, for this offense shall be a fine under Title 18, or imprisoned not more than 2 years, or both.

_____
David E. Henderson, Affiant
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Sworn to and subscribed before me
this 19th day of March, 2007.

_____
United States Magistrate Judge